R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Thomas Hussey*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS HUSSEY,<br><br>            Plaintiff,<br><br>    v.<br><br>PSFK LLC,<br><br>            Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Hussey ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli PC, for his complaint against the defendant PSFK LLC ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and violation of the Digital Millennium Copyright Act § 1202.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual doing business as Tom Hussey Photography, LLC with an address at 154 Express Street, Dallas, Texas 75207.

4. Upon information and belief, Defendant is a domestic limited liability company registered in the State of New York with a place of business at 42 Bond Street, 6th Floor, New York, New York 10012.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8. Plaintiff is a professional photographer based out of Texas and, through his business Tom Hussey Photography, LLC, creates and licenses photographic images for various uses.

9. Plaintiff has established a significant and valuable reputation through the success of his many works.  He specializes in commercial advertising and lifestyle photography and has

worked for a wide range of national and international clients. His "Reflections" series of photographs for Novartis won a Gold Addy Award from the American Advertising Federation and was featured in Communication Arts 2010 Photography Annual. In 2011, Plaintiff was the only American to be named in the top 10 of *Adweek's* "Top 100" (out of more than 2,760) illustrator, graphic artist, art director, design shop, photographer and student portfolios.

10. In addition to his commercial shooting, Plaintiff has taught photography at the Rochester Institute of Technology in New York and Texas A&M University-Commerce and has worked in the Conservation Laboratory at the International Museum of Photography at George Eastman House.

11. Photography is his life's work and his love and dedication to the art is remarkably illuminated in his works.

12. Plaintiff's intellectual property is very important to him.

13. Among the many moving photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image referenced as N-46 Soldier (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

14. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

15. On June 8, 2009, Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, in a group registration along with other works. Attached hereto as Exhibit B is a copy of the Certificate for Registration Number VA 1-990-319 obtained from the United States Copyright Office.

16. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

17. The Copyrighted Work included such copyright management information in the metadata of the photograph.

**B.     Defendant's Unlawful Activities**

18. Upon information and belief, Defendant owns, operates, or participates in the operation of a website at the URL http:// www.psfk.com, where it publishes copyrighted content, such as that belonging to Plaintiff, to draw internet users to visit and remain at its website where its brand or its products and services are promoted and sold.

19. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

20. Specifically, in or about June of 2017, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at websites (herein after the "Infringing Websites") owned and operated by Defendant, screenshots of which are attached hereto as Exhibit C.

21. Upon information and belief, the Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff and without any regard for the copyrights of Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by the Defendant, removed the copyright management information and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

22. Upon information and belief, the Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

23. The reproduction, distribution, and public display of Plaintiff's Copyrighted Work by the Defendant is without Plaintiff's authorization.

24. The unauthorized reproduction, distribution, and public display of Plaintiff's

Copyrighted Work by the Defendant is knowing and willful and in reckless disregard of Plaintiff's rights.

25. Defendant has used the entirety of Plaintiff's highly creative work for commercial purposes, the effect of which grossly harms the potential market for or value of the Copyrighted Work.

### FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

26. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

27. The Copyrighted Work is Plaintiff's original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

28. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Websites.

29. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

30. Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

31. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

32. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

33. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

34. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35. The conduct of Defendant has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

36. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

37. As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

38. By its actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

39. Upon information and belief, the foregoing acts of contributory infringement of

Plaintiff's copyright are willful and deliberate and Defendant has profited at the expense of Plaintiff.

40. As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

41. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

42. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

43. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

45. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

46. As an alternative theory to its infringement claims above, to the extent the

Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

47. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

48. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and the Defendant benefitted from that direct infringement.

49. As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendants' use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

50. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

51. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

52. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

53. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FOURTH CLAIM FOR RELIEF
### (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

54.Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

55.The Copyrighted Work included digital copyright management information. A copy of the Copyrighted Work demonstrating such copyright management information is attached hereto as Exhibit D.

56.Upon information and belief, Defendant removed and/or altered copyright management information, or each participated in such removal and/or alteration, knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

57.Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work, or participated in such reproduction, distribution and public display, without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

58.Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

59.By reason of the violations of the Digital Millennium Copyright Act committed by Defendants, Plaintiff has sustained and will continue to sustain substantial injuries.

60.Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant and all persons acting in concert

with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

61. At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

62. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

7. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu

thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

8. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

9. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

10. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

11. Permanently enjoining Defendant, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity;

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  April 29, 2019

        Respectfully submitted,

        By: /s/R. Terry Parker
        R. Terry Parker, Esquire
        RATH, YOUNG and PIGNATELLI, P.C.
        120 Water Street, Second Floor
        Boston, MA 02109
        Telephone: (603) 226-2600
        Email: rtp@rathlaw.com